McCain, adm'r vs. Pickens et al.

---

## McCain, Adm'r vs. Pickens et. al.

1. *Mistake in a deed* will be corrected in equity.
2. Assignment: *Assent of creditors.*

The assent of creditors to an assignment, apparently for their benefit, will be presumed; but where the assignment is conditional that the assignor shall be released, assent will not be presumed.

APPEAL from *Drew* Circuit Court.

Hon. THEODORIC F. SORRELLS, Circuit Judge.

*McCain* and *Carlton,* for appellant.

*Rose, contra.*

ENGLISH, CH. J.:

On the 25th August, 1875, William S. McCain, as adminis-
trator of the estate of Samuel F. Arnett, deceased, brought
ejectment in the Circuit Court of Drew County, against Charles
L. Pickens, for two-thirds of the undivided half of the east half
of the northwest quarter of section nine, township fourteen
south, range seventeen west, situated in Drew County.

The complaint averred that an undivided half of the tract was
conveyed by defendant to plaintiff's intestate during his life
time, by deed bearing date 13th of April, 1871, which is made
an exhibit; and that after his death one-third of his undivided
half was assigned to his widow for dower; and plaintiff, as his
administrator, claimed the right of possession of the other two-
thirds of the undivided half of the tract, which was alleged to
be in the possession of defendant.

Warren M. Anderson, who claimed title to the land as a
trustee, was, on his motion, made a defendant, and filed an an-
swer and cross claim.

In the first paragraph of his answer he controverts the plain-
tiff's right to possession of the land.

In the second paragraph he alleges in substance:

That on the 19th of February, 1872, Samuel F. Arnett (since
deceased), being in failing circumstances, and unable to pay his
debts promptly at maturity, and desirous of making an impartial
distribution of all his estate, real and personal, among his cred-
itors, executed to defendant, as trustee, a deed of assignment, by
which he conveyed, or intended to convey to him, all of his

estate, real and personal (except his homestead), for the benefit of his creditors; which deed of assignment is exhibited and made part of the answer, etc. That among the matters contained in the deed, is a description and conveyance to Anderson, as such trustee, of an undivided half interest in the land mentioned in the complaint; but described in the deed by mistake as the east half and the northeast quarter of section nine, township fourteen south, range seven west, which should have been described as an undivided half interest in the east half of the northwest quarter and the northeast quarter of section nine, etc. That such was the intention and understanding of said Arnett and Anderson. That Arnett at the time of executing the deed of assignment was the owner of the undivided half of the land mentioned in the complaint, by conveyance from said Charles L. Pickens; and immediately upon making the assignment, placed Anderson, as trustee, in possession of the land, and he had been in possession ever since.

The premises considered, Anderson prayed that the suit be transferred to the equity side of the court, and that the mistake above specified be corrected according to the intention of Arnett and himself, and that his title to the land, as trustee, (the undivided half of the east half of the northwest quarter of section nine, township fourteen south, range seven west), be quieted, and that plaintiff be forever enjoined from the further prosecution of his suit for the recovery of said land, etc.

The deed of assignment commences thus:

"This indenture, made this the 19th day of February, 1872, between Samuel F. Arnett of the first part, and Warren M. Anderson, trustee appointed for the purposes hereinafter mentioned, of the second part, and the several persons, creditors, endorsers, guarantors, or sureties of or for the said party of the first part, who have executed, or shall hereafter execute or accede to these

presents within ninety days from the date of these presents, of the third part; whereas, the said party of the first part is at present unable to pay the immediate demands upon him, and deems it just and reasonable to secure, pay and indemnify the several persons, parties to these presents, in the manner hereinafter mentioned; now, therefore, this indenture witnesseth that for the considerations and purposes herein contained, and in consideration of one dollar to him paid by the said party of the second part, etc., the party of the first part does by these presents grant, bargain, sell, convey, assign, transfer, and set over to the said party of the second part, and his assigns, all the stock in trade, goods, wares and merchandise, debts, choses in action, property, and effects of every description belonging to him the said party of the first part, or in which he has any right, or interest whatever, mentioned, etc., in the schedule hereto annexed etc., and also the following real estate, etc."

Here follow a number of lots in the Town of Monticello, and numerous tracts of land, and among them the undivided half interest in "the east half and the northeast quarter of section nine, township fourteen south, range seven west, etc."

Then the deed proceeds to provide that Anderson, as trustee, should with all reasonable speed sell and dispose of such part of the property conveyed to him in trust, as was of a saleable nature, and use his best endeavors to collect all debts, etc., transferred to him; and forthwith after deducting all expenses, costs, charges etc., "distribute and pay over all of the residue of said trust property to and among all the persons, creditors of said party of the first part, who shall become parties hereto in the manner hereinbefore prescribed, rateably and in proportion to the amounts due to each of them respectively, without any preference or priority; and in case there shall be any surplus of said trust property or effects after fulfilling said trusts, then upon

trust that said party of the second part do so and shall convey, deliver and pay over the same to the said party of the first part, his executors," etc.

Then follows a clause by which the grantor constitutes the trustee his attorney in fact, and empowers him to sue for, collect and compromise the debts, etc., and to sell the trust property for cash or on time, to make deeds, etc., to discharge liens, etc.

Then follows this clause:

"Provided further, that no person shall be entitled to be admitted a creditor under these presents unless notice shall have been given by him of his debt or demand to the party of the second part before a final dividend shall have been made of said trust property, under the trusts herein declared; nor shall any person be admitted a creditor after any one or more dividend or dividends shall have been made under the trust herein declared, but on condition of his not requiring any abatement or otherwise disturbing the dividend or dividends made prior to his having given notice of his debt or demand."

And, finally, there is this clause in the deed:

"And the said respective creditors, parties hereto, each and every one of them for himself and herself severally and respectively, and for their several and respective executors, administrators, partners and assigns, do hereby accept and take the estate and effects hereinbefore assigned in full payment, satisfaction and discharge of all their respective debts and demands afore-. said, and of all loss or damage sustained, or to be sustained by reason of any liability aforesaid; and do, and each and every one of them does, absolutely remise, release, discharge and quit claim the said party of the first part of and from all demands which they or any or either of them now have, or ever had, claimed or demanded against the said party of the first part."

The deed is signed by Arnett and Anderson only.

The cause was transferred to the equity side of the court, as prayed by Anderson, and heard upon the complaint and exhibit, the answer and exhibit, and an agreement of facts made by plaintiff and Anderson as follows:

"The land in controversy was owned by Samuel F. Arnett. On the 1st day of January, 1872, Arnett was totally insolvent, and made an assignment and conveyance by deed, of all his property subject to execution to defendant Anderson as trustee to hold, use and dispose of for the benefit of his creditors. Said deed is here referred to and read as part of this agreed statement. In such deed by mistake, the land in controversy was omitted, but it was the intention of Arnett to convey the same by said deed. Anderson is in possession, holding under said deed of assignment. On the 29th of April, 1872, said Arnett died intestate. W. S. McCain, the plaintiff, was, on the 1st day of August, 1872, appointed administrator of said Arnett's estate, and is now such administrator. Debts are probated and unpaid against said estate to the amount of $500. Some of the debts probated were made before said deed of assignment and some afterwards."

The court decreed (26th April, 1876) that the mistake in the deed of assignment be corrected according to the intention of the parties, and that the title of Anderson, as trustee, to the land in controversy be quieted, and that plaintiff be forever enjoined from any further prosecution of the suit for the land, etc.

McCain appealed to this court.

I. Upon the facts alleged in the cross-complaint, not put in issue by a reply, and proven by the agreed statement of facts, appellee made a case for correction of the mistake in the deed of assignment, if he showed that he was entitled to hold possession of the land for the purposes of the trust as against the administrator of the grantor in the deed.

The power of a court of chancery to correct such mistakes is well settled. *Steward et al.* v. *Pettigrew,* 28 Ark., 372; *Allen* v. *McGaughey et al.,* 31 Ark., 255.

II. There is no allegation in the cross-complaint that any creditor of Arnett accepted, or assented to the provisions of the deed of assignment, nor was it shown by the agreed statement of facts, or otherwise, that any creditor accepted or assented to the provisions of the deed, nor that Anderson, who signed the deed as trustee, was a creditor.

When a deed of assignment to a trustee is apparently for the benefit of creditors, their assent to it is to be presumed. *Conway et al. ex parte,* 4 Ark., 360; *Hemstead* v. *Johnston et al.,* 18 Ark., 131.

But where there are conditions in the assignment, as, for instance, that the creditors shall release their debts, there the same presumption does not arise, because it involves a question of discretion, upon which different minds may draw different conclusions. *Halsey et al.* v. *Whitney et al.,* 4 Mason, 215; Burrill on Assignment, p. 339.

In this case there is a provision in the deed that the creditors should accept the property assigned in full satisfaction and discharge of their debts, demands, etc., and that the assignor should be released, etc.

Who the creditors. were, the nature of their claims, or what securities or liens they may have had, does not appear.

Under such circumstances, though the assignor was insolvent, we are not at liberty to presume the assent of the creditors to the provisions of the deed of assignment.

It may be that some of the creditors assented to the deed, and that the trustee partially executed the trust, and hence the small amount of debts probated against the estate of Arnett, after his death, compared with the seeming amount of property embraced

in the assignment; and yet it is remarkable that the trustee, who seeks to retain possession of the land in controversy, as part of the trust property, did not aver in his cross-complaint, or attempt to prove, that any creditor had assented to the deed.

For anything that appears to the contrary in the record before us, the trustee holds the title to the land in controversy in trust for the legal representatives of Arnett, and his administrator being entitled to the possession of the land, as assets, for the payment of the probated debts, might maintain ejectment therefor. *Halsey et al.* v. *Whitney et al, supra,* p. 214; *Carnall* v. *Willson,* 21 Ark., 62.

Neither the appellant nor the appellee appears to have any personal interest in the land in controversy, both occupying trust relations to the estate of Arnett; it is but just therefore that the court below should have further facts before it, if any there be, in order that equity may be done in the premises. The decree must be reversed, and the cause remanded with instructions to the court below to permit apellee to amend his cross-complaint, if he can show the assent of any of the creditors to the deed, and that he is entitled to hold the land for the purposes of the trust; and that appellant be permitted to reply, if he thinks proper to do so.